UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiffs,<br><br>  v.<br><br>PATEL, et al,<br><br>        Defendants. | No. 2:17-cv-00573-KJM-CKD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is plaintiff Scott Johnson's motion for default judgment against defendants Hasmukhbai and Damyantiban Patel, who are the only named defendants in this action. (ECF No. 11.) Defendants failed to file an opposition to this motion in accordance with Local Rule 230(c). This motion came on regularly for hearing on August 23, 2017 at 10:00 am. (ECF No. 13.) Mary Melton appeared on behalf of plaintiff; neither defendant appeared. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.    BACKGROUND

Plaintiff initiated this action on March 16, 2017, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (ECF No. 1.) Plaintiff, a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair and a

specially-equipped van, alleged that defendants own the Alhambra Motel and the associated real property located at or about 1565 S. El Dorado St., Stockton California. (Id. at 2–3.) According to plaintiff, he went to the Alhambra Motel in November 2015, December 2015, April 2016, and May 2016, intending to stay the night. (Id. at 4.) Plaintiff alleged that he encountered the following architectural barriers to access at the establishment in violation of the ADA and the ADA Accessibility Guidelines: no van accessible handicap parking; no accessible entrance door to the office and room #2; and no accessible nighttime registration office. (Id. at 4–5.) Plaintiff alleged that he frequently visits the Stockton area, and that he had been deterred from going inside the Alhambra Motel on three occasions. (Id. at 6.) Plaintiff further alleged that defendant had the means and ability to remove the barriers. (Id. at 7.) Plaintiff's complaint sought inter alia injunctive relief; statutory damages; and attorneys' fees, litigation expenses, and costs of suit. (Id. at 11.)

On March 27, 2017, plaintiff served defendants with process by delivering a copy of the summons and complaint by hand to Danny Patel, office manager of the Alhambra Motel. (ECF Nos. 4, 5.) Thereafter, on May 16, 2017, plaintiff requested that the Clerk of Court enter default against defendants. (ECF Nos. 6, 7.) The Clerk of Court entered defendants' default on May 18, 2017. (ECF Nos. 8, 9.) The instant motion for default judgment followed. (ECF No. 11.)

Plaintiff's motion for default judgment seeks injunctive relief for removal of unlawful architectural barriers pursuant to the ADA; statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act.

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies

within the district court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. <u>Id.</u> at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); <u>accord</u> <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)); <u>accord</u> <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); <u>Abney v. Alameida</u>, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. <u>Geddes</u>, 559 F.2d at 560.

III. DISCUSSION

    A. <u>Appropriateness of the Entry of Default Judgment Under the Eitel Factors</u>

        1. *Factor One: Possibility of Prejudice to Plaintiff*

The first <u>Eitel</u> factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment,

plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

    2.    *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

    a.    ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

| | |
|---|---|
| 1 | Here, plaintiff's complaint alleges that: (1) he is disabled (see ECF No. 1 at 1); (2) |
| 2 | defendants owned both the Alhambra Motel, which is a place of public accommodation, and the |
| 3 | real property located at or about 1565 S. El Dorado St., Stockton California, during plaintiff's |
| 4 | visits (id. at 1–5); (3) plaintiff was denied full and equal access to the Alhambra Motel's facilities, |
| 5 | privileges, and accommodations because of plaintiff's disability (id. at 8–10); (4) the Alhambra |
| 6 | Motel contains specified architectural barriers—lack of an accessible handicap parking space, |
| 7 | lack of an accessible transaction counter at the nighttime registration office, traditional knob style |
| 8 | handles that require tight grasping and twisting of the wrist to operate, and lack of accessible |
| 9 | guest rooms—in violation of the ADA (id.); and (5) defendants had the means and ability to |
| 10 | remove such barriers (id.). Because plaintiff's allegations are taken as true following the entry of |
| 11 | default, the court concludes that plaintiff has met his burden to state a prima facie Title III |
| 12 | discrimination claim. |

b.  Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As expressly provided by statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009). Here, because plaintiff's complaint properly alleges a prima facie claim under the ADA, plaintiff has also properly alleged facts supporting a claim under the Unruh Civil Rights Act.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

3.  *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks injunctive relief; statutory damages under the Unruh Civil

Rights Act corresponding to two (2) obstructed visits to the Alhambra Motel ($4,000.00 minimum statutory damages per visit, for a total amount of $8,000.00); and attorneys' fees and costs in the amount of $4,860.00.  (ECF No. 11 at 2.)  Although the court more closely scrutinizes the requested statutory damages, attorneys' fees, and costs below, the court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below.  Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

    4.  *Factor Five: The Possibility of a Dispute Concerning Material Facts*

  The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default.  Thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  As such, the court concludes that the fifth Eitel factor favors a default judgment.

    5.  *Factor Six: Whether the Default Was Due to Excusable Neglect*

  In this case, there is no indication in the record that defendants' default was due to excusable neglect.  Despite having been properly served with plaintiff's complaint, the requests for entry of default, and the instant motion for default judgment, defendants failed to appear in the action. (ECF Nos. 2, 4–11.)  Thus, the record suggests that defendants have chosen not to defend themselves in this action, and that the default did not result from excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

    6.  *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil*
      *Procedure Favoring Decisions on the Merits*

  "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below, to remedy the architectural barriers at issue—lack of an accessible handicap parking space, lack of an accessible transaction counter at the nighttime registration office, traditional knob style handles that require tight grasping and twisting of the wrist to operate, and lack of accessible guest rooms.

Plaintiff also requests statutory damages in the amount of $8,000.00, which corresponds to two (2) obstructed visits to the Alhambra Motel ($4,000.00 minimum statutory damages per visit). Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages. In this case, plaintiff made no showing as to why he returned to the Alhambra Motel after his initial visit in November 2015. For example, plaintiff did not allege that he returned to the Alhambra Motel after having received good faith assurances from Alhambra Motel representatives that the architectural barriers were removed. In light of that deficiency, the court recommends that plaintiff only be awarded minimum statutory damages corresponding to one (1) visit to the Alhambra Motel, i.e., $4,000.00.

Finally, plaintiff requests attorneys' fees and costs. The statutes at issue specifically contemplate the award of attorneys' fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code §

52(a). Thus, the only issue is whether the requested amount of attorneys' fees and costs ($4,860.00) is reasonable. Plaintiff requests $440.00 in filing fees and service costs, which are reasonable and should be awarded. (ECF No. 11-4 at 2.)

Plaintiff further indicates that plaintiff's counsel, Russell Handy, attorney at the Center for Disability Access, who has been in practice for about 19 years with a practice dedicated exclusively to disability-related issues, spent 10.4 hours on this case, billing at an hourly rate of $425.00, for a lodestar amount of $4,420.00 in attorneys' fees. (Id. at 1–2.)

Although the number of hours spent on the case appears reasonable, the court finds Mr. Handy's hourly rate of $425.00 to be excessive in light of prevailing market rates in the Sacramento Division of the Eastern District of California. Notably, another judge in this district recently determined that an hourly rate of $300.00 was appropriate for plaintiff's counsel, as a partner with significant experience and expertise, in a routine disability access case. See Johnson v. Wayside Property, Inc. et al., 2:13-cv-1610-WBS-AC, ECF No. 32. The court finds Wayside Property to be persuasive, because it is a recent, comparable case from this district and involved a careful consideration of prevailing market rates for routine disability access cases in the Sacramento Division of the Eastern District of California. By contrast, plaintiff's reliance on fee awards in the Central and Southern Districts of California, as well as certain California state courts, is misplaced, because those fee awards are not instructive with respect to prevailing market rates in this federal district. Instead, the court here likewise concludes that an hourly rate of $300.00 is appropriate, resulting in a fee award of $3,120.00.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 11) be GRANTED IN PART.
2. Judgment be entered in plaintiff's favor and against defendants Hasmukhbai and Damyantiban Patel.
3. Plaintiff be awarded statutory damages in the amount of $4,000.00.
4. Plaintiff be awarded attorneys' fees and costs in the amount of $3,560.00.
5. Plaintiff be granted an injunction requiring defendants to provide readily

achievable property alterations in the form of accessible handicap parking, an accessible motel office for day and nighttime registration, accessible door knobs, and accessible guestrooms at the Alhambra Motel, located at 1565 S. El Dorado St., Stockton, California, in compliance with the ADA and the ADA Accessibility Guidelines.

6. The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order and findings and recommendations on defendants by U.S. mail at their last-known addresses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: September 8, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17.573.Johnson v. Patel. F&R. Motion for Default Judgment

9